(Reap. Dec. 10785)

RELIANCE TRADING CORP. OF ILLINOIS (ELDER) *v.* UNITED STATES

Entry No. 59086.

(Decided June 29, 1964)

*I. Herzl Segal and Maurice P. Wolk* (*Schwartz & Lidstrom* by *Joseph Schwartz* and *Maurice P. Wolk* of counsel) for the plaintiff.

*John W. Douglas,* Assistant Attorney General (*Charles P. Deem,* trial attorney), for the defendant.

DONLON, Judge:   Artificial flowers, exported from Hong Kong on March 7, 1962, were appraised on the basis of export value.   There is

no controversy as to basis of appraisement, for plaintiff likewise relies on export value. It was stipulated that this merchandise is not enumerated in the final list of the Secretary of the Treasury. (T.D. 54521.) Appraisement, therefore, is under section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956.

The merchandise was purchased from Loong Hing Plastic Factory of Hong Kong and shipped to plaintiff by Far East Merchandise Co., also of Hong Kong. Plaintiff makes two claims of error in the appraisement: First, that Far East acted in the transaction as plaintiff's buying agent, pursuant to an agreement, and that $151.50 which was paid by plaintiff as a commission of 5 percent, included by the appraiser as a part of export price, is in fact a buying commission which should not have been included; and, second, that loading charges of $58.50, paid by plaintiff, were not a part of the price of the merchandise and, hence, are not a part of dutiable value.

Section 402(b) is as follows:

For the purposes of this section, the export value of imported merchandise shall be the price, at the time of exportation to the United States of the merchandise undergoing appraisement, at which such or similar merchandise is freely sold or, in the absence of sales, offered for sale in the principal markets of the country of exportation, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, plus, when not included in such price, the cost of all containers and coverings of whatever nature and all other expenses incidental to placing the merchandise in condition, packed ready for shipment to the United States.

As to the loading charges, the record plaintiff adduced does not support its contention. What is required, under section 402(b), is that the court shall ascertain from the proofs what was the *price* at which such merchandise was freely sold in the principal market and in the usual wholesale quantities and in the ordinary course of trade, for export to the United States, at the time of exportation of this merchandise.

Plaintiff has shown, by documentary evidence, that this merchandise was sold *ex*-factory (in Hong Kong) at a price which included loading charges. There are also conclusory statements, not supported by evidentiary facts, to the effect that Hong Kong manufacturers of artificial flowers always offer their goods at prices which include loading charges. While this may not constitute proof adequate to establish that this is so, it cannot be accepted as proof that the asserted pricing practice is not the fact.

Plaintiff has not sustained its burden of proof that the loading charges were *not* a part of the price at which such merchandise was freely sold in the principal market and in the usual wholesale quantities and in the ordinary course of trade, for export to the United States, at the time of exportation of this merchandise.

As to the buying commission, the agreement (exhibit 1) offered as proof of the buying agency, has no date. However, Mr. Maurice Goldblatt, a stockholder of plaintiff and at the time of the instant importation also its president, testified that he was in Hong Kong on January 22, 1961, and that he made arrangements then with Far East Merchandise Co. "for their serving us and help us see that the merchandise is shipped to the United States the proper way; that they send us samples and we promise to give him [sic] a deal of 5 percent commission on them." (R. 4, 5.) Mr. Goldblatt testified that this arrangement was reduced to writing "sometime during the year, maybe September," and he identified exhibit 1 as the duplicate original of the agreement he signed.

The date of exportation of the instant merchandise is March 7, 1962. I find the proofs show that the agreement (exhibit 1) was executed prior to that date.

The record, read as a whole, supports plaintiff's claim that $151.50 was an agent's commission and, therefore, not properly a part of the price of the merchandise. *United States* v. *Nelson Bead Co.*, 42 CCPA 175, C.A.D. 590; *United States* v. *Gitkin Co.*, 46 Cust. Ct. 788, A.R.D. 132.

There seems to be some confusion as to the statutory status of the two items here in issue. Price either does or does not include charges, such as these loading charges and this buying commission. There is no statutory authority to include either charge in export value, save only if it is a part of the price at which the merchandise was freely sold, etc., within the terms of the statute. Practices of appraisers, in noting how appraisement is arrived at, can not change the statute. No presumption of correctness attaches save as to appraisement pursuant to the statute.

As to the loading charges, I find, on the record here, that they were included in price. As to the buying commission, I find that it was not included in price.

Defendant appears to argue that the court may not find as the correct value of merchandise a value that is something between appraisement and the value for which plaintiff argues. This seriously misconstrues the duty of the court, which is to find value. *Cox & Fahner et al.* v. *United States*, 31 CCPA 141, C.A.D. 264; *United States* v. *F. W. Woolworth Co. et al.*, 22 CCPA 184, T.D. 47126. Here plaintiff has made two claims. One claim is allowed. The other is disallowed. Correct appraisement must reflect the claim that is allowed.

I find as facts:

1. That the merchandise of this reappraisement consists of artificial flowers which were exported from Hong Kong on March 7, 1962.

2. That this merchandise is not an article enumerated in the final list of the Secretary of the Treasury (T.D. 54521).

3. That these artificial flowers were appraised on the basis of export value, as that value is defined in section 402(b), of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956.

4. That the appraised export value includes a commission of $151.50 and loading charges of $58.50 as part of such value.

5. That the artificial flowers of this reappraisement were sold ex-factory in Hong Kong, at a price which included loading charges of $58.50.

6. That the commission of $151.50 was a buying commission, paid by the importer for services incident to the purchase, sale, and shipment of these artificial flowers to the United States, and such commission was not included in the price of the flowers.

I conclude as matters of law:

1. That export value, as such value is defined in section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, is the proper basis for valuing the artificial flowers of this appeal.

2. That loading charges of $58.50 were a part of price at which these artificial flowers were freely sold, under the specifications of section 402(b), for export to the United States at the time of their exportation and, therefore, are properly included in export value.

3. That the buying commission of $151.50 was not included in such price, and it is not properly included in export value.

4. That the export value of the artificial flowers of this appeal is $3,088.50, or $3.0885 per gross.

Judgment will be entered accordingly.