**PLYWOOD & DOOR NORTHERN CORPORATION, Appellant,**

v.

**UNITED STATES, Appellee.**

**Reappraisement No. R65/18247;**
**A.R.D. No. 256.**

United States Customs Court
Second Division, Appellate Term.
June 11, 1969.

Richard Van Steenburgh, New York City, for appellant.

William D. Ruckelshaus, Asst. Atty. Gen. (Brian S. Goldstein, New York City, trial attorney), for appellee.

Before RAO, FORD, and NEWMAN, JJ.

NEWMAN, Judge:

This is an application for review by plaintiff below of the decision and judgment of the trial judge sitting in reappraisement in Plywood & Door Northern Corporation v. United States, 60 Cust.Ct. 700, R.D. 11448 (1968), holding that the appraised values were the proper dutiable export values of certain imported birch plywood.

The plywood, which is the subject of this case, was exported from Hanko, Finland, on June 24, 1965 by Oy Wilh. Schauman Ab, and entered at the port of Newpart News, Virginia, on July 28, 1965. The parties agree that birch plywood appears on the Final List, T.D. 54521; and that export value as defined in section 402a (d) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956 [1] is the proper basis for appraisement.

This merchandise was sold to appellant on a c. i. f. Norfolk basis, which included the price for the merchandise, packing, inland freight, loading charges at the port of shipment, ocean freight, and insurance. The importation was appraised at the invoiced unit prices, net, less invoiced ocean freight and insurance, packed.

At the trial, the importer claimed, as it now claims on appeal, that the invoiced loading charges are nondutiable, and should be deducted from the appraised value.[2] The trial judge found as a fact that there was no method of sale to the United States by Finnish exporters of birch plywood other than on a c. i. f. American port basis, and that the loading charges were part of the one price for the goods. The trial court, therefore, held that the loading charges were subject to duty "as part and parcel of the purchase price."

In support of its contention that the loading charges are nondutiable, appellant has cited in its brief several decisions of this court wherein the freely offered price for the merchandise was

1. Section 402a(d) of the Tariff Act of 1930, as thus amended reads:

(d) Export value.—The export value of imported merchandise shall be the market value or the price, at the time of exportation of such merchandise to the United States, at which such or similar merchandise is freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, plus, when not included in such

price, the cost of all containers and coverings of whatever nature, and all other costs, charges, and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States.

2. The importer further urged below that a five percent cash discount should have been allowed and deducted from the appraised value, which the trial judge disallowed. Appellant has abandoned that claim in this appeal, and consequently it will not be considered herein.

on a c. i. f. American port basis, and included among other items, loading charges at the port of shipment, which were deducted by the court from the c. i. f. prices in determining the dutiable export value. E. g. Plywood & Door Manufacturers Corporation v. United States, 44 Cust.Ct. 541, R.D. 9581 (1960), resubmitted for decision, 44 Cust.Ct. 745, R.D. 9723 (1960), modified and remanded, United States v. Plywood & Door Manufacturers Corporation, 46 Cust.Ct. 797, A.R.D. 133 (1961); [3] John A. Steer & Co. v. United States, 30 Cust.Ct. 504, R.D. 8196 (1953). These decisions were considered in the opinion below, and the trial judge concluded that loading charges were not in issue in those cases, whereas they are in issue in the present case.

In *Plywood & Door, supra*, birch plywood exported from Finland described as "bedrail" plywood, was appraised on the basis of export value, and in determining such value, the appraiser deducted from the unit values the following charges: loading at the port of shipment, ocean freight, insurance, and consular fee. There was no dispute in the case with respect to these charges, and the issue related solely to whether the export value should be based upon a price list prepared by an association of plywood manufacturers in Finland, and adhered to by its members. Other birch plywood from Finland, designated as "panel" plywood, was appraised on the basis of foreign value, but was held by the court to be properly dutiable on the basis of export value. In determining the latter value, the court held that the charges for loading, ocean freight, insurance, and consular fee were non-dutiable and deductible from the c. i. f. prices. However, the court did not specifically consider the dutiability of loading charges, which is the sole issue presented for our determination. We, therefore, do not consider this court's prior decision in *Plywood &*

*Door* to be authoritative as to the issue which is now before us.

In *Steer*, by stipulation of the parties, the only question raised by the appeal was whether an item of inland freight properly formed part of the dutiable export value of the merchandise. In appraising the goods, deductions were made from the c. i. f. price for consular fee, forwarding and lading, marine and war risk insurance, and ocean freight. No issue was raised in the case with respect to loading charges.

The statutory definition of export value in section 402a (d) is intended to provide a valuation formula so that, where appropriate, imported merchandise may be appraised on the basis of the market value or the price at which it is "freely offered for sale to all purchasers in the principal markets of the country from which exported." However, the selling price may include various costs or charges which were not contemplated by the statutory definition to be included in export value. Such is the situation where merchandise is offered for sale exclusively on a c. i. f. American port basis. Thus, export value in that instance is the freely offered price less the deductions for nondutiable charges. See United States v. New England Foil Corp., 10 Cust.Ct. 596, R.D. 5856 (1943). For example, it has long been held that ocean freight is not part of export value. The John Shillito Company v. United States, 5 Treas.Dec. 555, T.D. 23851 (1902); United States v. Samuel Shapiro & Co. et al., 65 Treas.Dec. 1650, R.D. 3268 (1934). It is clear, therefore, that the c. i. f. prices, at which the instant plywood was freely offered for sale to United States importers, could not be used as a basis for determining the dutiable export value in this case. Josef Mfg., Ltd. v. United States, 62 Cust.Ct., R.D. 11616, 294 F.Supp. 956 (1969).

**3.** Decision on remand, Plywood & Door Manufacturers Corporation v. United

States, 48 Cust.Ct. 526, R.D. 10151 (1962).

Inland freight charges, incurred by the seller in transporting merchandise from the factory or principal market to the shipping port, have been held frequently by the courts to be part of dutiable export value where those charges are always included in the selling price of the goods. United States v. Paul A. Straub & Co., Inc., 41 CCPA 209, C.A.D. 553 (1954), and Albert Mottola, etc. v. United States, 46 CCPA 17, C.A.D. 689 (1958), are but two of the leading decisions on this point. Accordingly, it is not significant that charges (inland freight or loading) may "accrue" after the merchandise has been packed ready for shipment to the United States and has left the principal market. Indeed, the inland freight included in the unit values of the plywood involved in this case is conceded by appellant to be dutiable. Hence, as in Straub and Mottola, the important consideration here is that the price at which the merchandise was freely offered for sale in the principal market always included the disputed charge, and not that the loading charges accrued after the merchandise had left the principal market, viz., Helsinki.

Additionally, since loading charges like other "inland charges" accrue in the foreign country prior to shipment to the United States, they are not deductible from the c. i. f. selling price in determining export value on the basis of the principle invoked with respect to ocean freight, which of course accrues subsequent to exportation. Thus, in United States v. The Heyman Co., Inc., 50 Cust.Ct. 564, A.R.D. 157 (1963), a charge such as inland freight was distinguished from ocean freight, as follows (id. at 572):

* * * Inland freight, under a f. o. b. foreign port contract, is an element of expense which accrues while the merchandise is in the foreign country of exportation and, as such, constitutes an appropriate element to be included in the valuation. However, the statutory basis of value before us, namely, export value, admonishes us to reject as an element of value those charges which accrue subsequent to the time the merchandise leaves foreign shores. Such is the nature of ocean freight which, unlike inland freight, accrues subsequent to the time the merchandise is exported from foreign shores and, as such, cannot properly constitute an element of such valuation. United States v. New England Foil Corp., 10 Cust.Ct. 596, 597, Reap.Dec. 5856. See also, United States v. F. C. Gerlach & Co. et al., 7 Cust.Ct. 494, 504, Reap.Dec. 5443.

Although not involving a c. i. f. selling price, Reliance Trading Corp. of Illinois (Elder) v. United States, 53 Cust. Ct. 352, 354, R.D. 10785 (1964), is worthy of note, inasmuch as it squarely involved the dutiable status of loading charges. With respect to the latter, the court stated:

* * * Price either does or does not include charges, such as these loading charges and this buying commission. There is no statutory authority to include either charge in export value, save only if it is a part of the price at which the merchandise was freely sold, etc., within the terms of the statute. Practices of appraisers, in noting how appraisement is arrived at, can not change the statute. No presumption of correctness attaches save as to appraisement pursuant to the statute.

Cf. American Commercial, Inc. v. United States, 40 Cust.Ct. 690, R.D. 9072 (1958), wherein so-called "go-down" charges, including lighterage to the vessel on which the goods were exported, were held as not deductible from an f. o. b. selling price in determining export value.

In view of the foregoing considerations, we are unable to agree with appellant's contention that the loading charges should be deducted from the appraised value.

This court, therefore, makes the following findings of fact:

1. The merchandise involved herein consists of birch plywood of differing thicknesses and sizes, which was exported from Hanko, Finland, on June 24, 1965, by the producer Oy Wilh. Schauman Ab, and entered at the port of Newport News, Virginia, on July 28, 1965.

2. Birch plywood appears on the Final List published in 93 Treas.Dec. 14, T.D. 54521, issued pursuant to the Customs Simplification Act of 1956.

3. The imported merchandise was appraised on the basis of export value, as defined in section 402a (d) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, at the invoiced unit values, net, less ocean freight and insurance.

4. Appellant's claim for a deduction from the appraised values for a five percent cash discount has been abandoned.

5. At the time of exportation, birch plywood such as or similar to that involved herein was not freely offered for sale in Finland for home consumption.

6. At the time of exportation, merchandise such as that here involved was not freely offered for sale by the exporter to all purchasers, but under an exclusive agreement it was sold only to appellant and three other companies.

7. The merchandise was offered to appellant on a c. i. f. basis, which included the price for the merchandise, packing, inland freight, loading charges, ocean freight and insurance.

8. At the time of exportation, merchandise such as and similar to that involved herein was freely offered for sale by Finnish manufacturers, other than the exporter, to all purchasers in the principal markets of Finland, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States exclusively at unit c. i. f. prices, which always included charges for loading the merchandise on the vessel.

This court concludes as matters of law:

1. The imported merchandise is properly subject to duty on the basis of export value, as defined in section 402a (d) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956.

2. The proper dutiable export values are the values determined by the appraiser.

3. The judgment of the trial court is affirmed.

Judgment will be entered accordingly.